Mr. Justice Moore
delivered the opinion of the Court.
This writ of error raises the question as to whether the above named plaintiffs in error are precluded from asserting an interest in a parcel of land, because of the foreclosure of a second deed of trust which was placed of record prior to the date on which they acquired any interest in the subject property.
The Richardsons, in conjunction with numerous other persons and corporations, were named defendants in an action commenced by John T. Faulkner to foreclose a mechanic’s lien. Numerous other liens were claimed by divers and sundry materialmen and suppliers of work and labor on various pieces of property including Lot 6 in which the Richardsons claimed an interest. It is admitted that all the mechanics’ liens were released in so far as Lot 6 was concerned, but counsel for the Richard-sons contend that the investment which they had made in acquiring title to Lot 6 was a lien upon the real estate, which was not cut off by the foreclosure of the aforementioned second deed of trust.
In proceedings conducted before the trial court it was admitted that Lot 6 was subject to a first and second deed of trust for some time prior to the date upon which the Richardsons paid to the Kentz Construction Company the sum of $3,800.00 as an initial payment for the erection of a dwelling. The construction company con *503 veyed title to the Richardsons and thereafter failed to perform its building contract.
Applewood Village, defendant in error above named, proceeded to foreclose the second deed of trust and secured a trustee’s deed. The trial court adjudged that this foreclosure proceeding cut off all the rights which otherwise might have been asserted by the Richardsons. In this conclusion the trial court was correct.
There is nothing presented in the record before us warranting reversal of the judgment, and it accordingly is affirmed.
Mr. Chief Justice Pringle and Mr. Justice Day not participating.